Bruno Wolfenzon, Esq. (SBN 140809)
Jillian Holland Browne, Esq. (SBN 367002)
**WOLFENZON ROLLE**
4250 Executive Square, Suite 440
La Jolla, California 92037
Telephone (858) 646-0071
Facsimile (858) 646-0072

Attorneys for Plaintiffs,
KAWA CLUB LLC and NIKOLAS AGHANIA

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAWA CLUB LLC, a limited liability company; NIKOLAS AGHANIA, an individual, | CASE NO. |
| | COMPLAINT FOR: **'26CV3512 BJC  MSB** |
| Plaintiffs, | 1) **TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. §§ 1114, 1116);** |
| v. | |
| DAVALOS ENTERPRISES L.L.C., a limited liability company; CARLO DAVALOS, an individual; and DOES 1 through 50, Inclusive, | 2) **FALSE AFFILIATION/ENDORSEMENT, FALSE ADVERTISING, AND UNFAIR COMPETITION (15 U.S.C. § 1125(a));** |
| Defendants. | 3) **VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW;** |
| | 4) **DEPRIVATION OF RIGHTS OF PUBLICITY;** |
| | 5) **RESTITUTION / QUASI-CONTRACT** |
| | **[DEMAND FOR JURY TRIAL]** |

Plaintiffs, KAWA CLUB LLC and NIKOLAS AGHANIA (hereinafter

**COMPLAINT**

"Plaintiffs"), by and through the counsel of record, for their Complaint against Defendants DAVALOS ENTERPRISES L.L.C. and CARLO DAVALOS (hereinafter "Defendants") allege as follows:

## PARTIES

1.     Plaintiff KAWA CLUB LLC ("Kawa" or "Kawa Club") is, and at all relevant times was, a California limited liability company in good standing and authorized to do business in the State of California, with a principal place of business in San Diego, California.

2.     Plaintiff NIKOLAS AGHANIA (professionally known as "Nikko") is, and at all relevant times was, an individual residing in the County of San Diego, State of California and the founder and public face associated with Kawa Club.

3.     Upon information and belief, Defendant DAVALOS ENTERPRISES L.L.C. (hereinafter "DAVALOS ENTERPRISES") is, and at all relevant times was, a California limited liability company in good standing and authorized to do business and doing business in the State of California, including through e-commerce operations directed to consumers in California and elsewhere.

4.     Upon information and belief, Defendant CARLO DAVALOS is, and at all relevant times was, an individual residing in the County of San Diego, State of California and the owner, operator, principal, managing agent, alter ego, or responsible person of DAVALOS ENTERPRISES L.L.C.

5.     Upon information and belief, Defendant CARLO DAVALOS established the e-commerce brands and websites "sentralofficial.net" and/or "averlonlondon.com" for the purpose of engaging in commercial interstate commerce by selling products, including clothing apparel, online.

6.     Upon information and belief, Defendants DOES 1 through 50, inclusive, whether individual or corporate, are the agents, employees, partners, joint venturers, associates, co-conspirators, alter egos, and/or representatives of each of the other Defendants. Plaintiff alleges on information and belief that each DOE Defendant is

responsible in some manner for the events and happenings and the damages suffered by Plaintiffs as herein alleged, and actually and proximately caused such damages. At this time, Plaintiffs are unaware of the true names and capacities of said DOE Defendants and therefore sue said DOE Defendants by such fictitious names. When the true names and capacities of such DOE Defendants are ascertained, Plaintiffs will seek leave to amend this Complaint accordingly.

7. Plaintiffs are informed and believe and thereon allege that at all times mentioned herein, Defendants, and each of them, are and were the agents, employees, employers, servants, masters, and/or principals of the other defendants and were acting within the purpose, course and scope of said relationship for their mutual benefit at the time of the alleged incident, event and happening. Each defendant acted with the consent, express or implied, of the remaining defendants, and each defendant approved and ratified each other's conduct.

## NATURE OF ACTION

8. Plaintiffs bring this civil action to redress the Defendants misappropriation and unauthorized use of the Plaintiffs' intellectual property and brand in a manner that is confusing, misleading, and deceptive to the public, and tarnishes the Plaintiffs' goodwill and reputation. Accordingly, Plaintiffs bring this action at law and equity for trademark infringement, arising under the Lanham Act, deprivation of rights of publicity, and unfair competition and/or trade practices under State and common law. Plaintiffs are seeking injunctive relief and monetary damages, including punitive damages.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116 and 1121. This Court has supplemental jurisdiction over Plaintiffs' claims brought under the laws of the State of California pursuant to 28 U.S.C. § 1367, because those claims form part of all the same case or controversy and derive from a common nucleus of operative facts as Plaintiffs' claims

brought under federal law.

10. The Court has personal jurisdiction over Defendants because the causes of action asserted herein arise out of conduct undertaken by Defendants in San Diego County, California. Additionally, Defendant CARLO DAVALOS resides in San Diego County, California, and operates the business DAVALOS ENTERPRISES L.L.C. Defendants have purposefully availed themselves of the privilege of conducting business within this judicial district by, among other things, operating and directing e-commerce businesses that regularly transact business with residents of this District, marketing, advertising, and soliciting sales within this District, selling and distributing goods and services to customers located in this District, and deriving substantial revenue from such activities.

11. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in this district.

### FACTUAL ALLEGATIONS

12. Kawa Club is a successful clothing and outdoor apparel company that sells outdoor trekking, climbing, and related apparel and gear.

13. Kawa Club LLC trademarked "KAWA" as evidenced by the U.S. Patent and Trademark Office ("USPTO") Registration No. 8176341.

14. Kawa Club uses the KAWA name and mark in its usual course of business in connection with its manufacture, marketing, advertising, promotion, offering for sale, and sale of outdoor trekking & climbing gear, including identifiable apparel.

15. Kawa Club owns the exclusive rights in the KAWA name and mark, including the USPTO Registration No. 8176341, for the mark KAWA in connection with goods and services such as footwear, swimwear, underwear, nightwear, dresses, clothing jackets, etc.

16. The KAWA mark is valid, protectable, and distinctive.

17. Kawa Club's continuous use of the KAWA mark in its promotion,

**COMPLAINT**

marketing, advertising, offering for sale, and sale of goods has made it an easily identifiable mark to consumers.

18.   Kawa Club has developed substantial goodwill and consumer recognition in the KAWA mark, apparel, and associated branding.

19.   Kawa Club owns and/or controls its original product photography, videos, website content, advertising content, social media content, marketing copy, branding materials, and other creative works used to promote and sell Kawa Club apparel.

20.   Plaintiffs are informed and believe and thereon allege that the Kawa Club product photography, videos, content creation, advertising materials, and related branding are original works of authorship owned by or licensed exclusively to Kawa Club.

### Defendants' Wrongful Conduct:

21.   Plaintiffs are informed and believe and thereon allege that Defendant CARLO DAVALOS owns and operates the business entity DAVALOS ENTERPRISES L.L.C. in San Diego County, California.

22.   Plaintiffs are informed and believe and thereon allege that Defendant CARLO DAVALOS and/or through DAVALOS ENTERPRISES created the website domains "sentralofficial.net" and/or "averlonlondon.com" as e-commerce brands to sell products online.

23.   Plaintiffs are informed and believe and thereon allege that Defendant CARLO DAVALOS and/or through DAVALOS ENTERPRISES utilizes e-commerce platforms such as SHOPIFY and/or SHOP APP to sell products online through those website domains.

24.   Defendants DAVALOS ENTERPRISES and/or CARLO DAVALOS are selling non-authentic, counterfeit, clothing apparel with the KAWA marks and featuring Kawa Club's and/or Nikolas Aghania's likeness without Plaintiffs' permission, consent, authority, or approval.

25.   Defendants DAVALOS ENTERPRISES and/or CARLO DAVALOS are engaged in the unauthorized use of Kawa Club product photography, product videos,

and marketing branding to advertise and sell knockoff or counterfeit products to consumers through "sentralofficial.net" and/or "averlonlondon.com".

26.   Plaintiffs are informed and believe and thereon allege that Defendants CARLO DAVALOS, individually and/or through DAVALOS ENTERPRISES, L.L.C., use social media platforms, including but not limited to TikTok, to advertise, market, promote, solicit, offer for sale, and sell unauthorized, knockoff, and/or counterfeit products through various e-commerce platforms. A true and correct copy of a TikTok Ad indicating "DAVALOS ENTERPRISES L.L.C." as the advertiser is attached hereto and incorporated by reference as **Exhibit 1**.

27.   In doing so, Defendants have reproduced, displayed, distributed, and otherwise exploited, without authorization, Kawa Club's trademarks, logos, product photographs, videos, marketing materials, advertising content, and other proprietary intellectual property. Such photographs, videos, and creative content were originally created by or for Kawa Club, are owned exclusively by Kawa Club and/or licensed exclusively to Kawa Club, and are protected under applicable federal and state intellectual property laws.

28.   Nikko is the founder, public face, model, spokesperson, and/or principal personality associated with Kawa Club and its products. Nikko's name, voice, photograph, image, likeness, identity, and association with Kawa Club have commercial value.

29.   Plaintiffs are informed and believe and thereon allege that Defendants, without his consent, knowledge, license, or authorization, used Nikko's name, photograph, image, likeness, identity, persona, and association with Kawa Club in the reproduction, distribution, advertisement, offering for sale, sale, and/or any other commercial activity of counterfeit products.

30.   Defendants use of Nikko's name, image, and likeness misappropriates Nikko's identity and commercial value, and has, or is likely to, cause consumer confusion regarding whether Nikko personally endorses, approves, sponsors, authorizes, or is affiliated with Defendants' products.

31.   On or about April 8, 2026, Plaintiffs sent a "CEASE AND DESIST UNAUTHORIZED USE OF INTELLECTUAL PROPERTY" letter to Sentral Official via its email "sentralclothing.info@gmail.com". Defendants were provided notice and an opportunity to cease the unlawful conduct. A true and correct copy of Plaintiffs' April 8, 2026, cease and desist letter is attached hereto and incorporated by reference as **Exhibit 2**.

32.   On or about May 29, 2026, Plaintiffs received a Digital Millennium Copyright Act (DMCA) Counter Notice for "www.sentralofficial.net" identifying Carlo Davalos under merchant contact information. This was made in response to Plaintiffs' DMCA Copyright Takedown Request. This Notice identified "baggy parachute pants" sold on the Sentral Official website as subject to the Counter Notice, along with a declaration signed by Carlo Davalos, sworn under penalty of perjury, that the "content was removed as a result of a mistake or misidentification of the content to be removed." A true and correct copy of the DMCA Counter Notice is attached hereto and incorporated by reference as **Exhibit 3**.

33.   Plaintiffs are informed and believe and thereon allege that, to date, Defendants CARLO DAVALOS and/or through DAVALOS ENTERPRISES continues to use Kawa Club's trademarks, logos, product photography, marketing materials, advertising content, and branding assets in connection with the advertising, promotion, offering for sale, and sale of unauthorized, knockoff, and/or counterfeit products through various e-commerce platforms.

34.   Plaintiffs are informed and believe and thereon allege that the knockoff and/or counterfeit products were created and sold at a discounted price without Kawa Club's permission, consent, authority, or approval. The illegal and unauthorized production of clothing apparel advertised and sold as Kawa Club merchandise harms Kawa Club as they are identical products, creating confusion and mistake, and deceiving customers who wish to purchase Kawa Club apparel. Further, Defendants conduct has created confusion as to the affiliation, connection, or association of Kawa Club with Defendants websites, or as to the origin, sponsorship, or approval of

Defendants conduct, destroying the goodwill and reputation established by Kawa Club.

35.     Despite receiving notice of Plaintiffs' rights and demands to cease and desist, Defendants have refused to discontinue their unlawful conduct and continue to manufacture, reproduce, distribute, market, advertise, offer for sale, and sell counterfeit and/or infringing apparel bearing one or more of the KAWA Marks. Defendants further continue to reproduce, display, distribute, market, advertise, offer for sale, and sell counterfeit and/or unauthorized products using Kawa Club's product photographs, videos, advertising content, marketing materials, and other proprietary intellectual property without Plaintiffs' authorization.

36.     Defendants' acts are calculated to confuse and deceive the public and are performed with full knowledge of the Plaintiffs' rights. Defendants' counterfeit products are made so as to imitate Kawa Club's apparel so as to deceive consumers into believing that they are receiving genuine Kawa Club merchandise.

37.     Defendants are not, and have never been, affiliated with or licensed by Plaintiffs.

38.     Plaintiffs have never authorized Defendants' use of the KAWA marks.

39.     This consumer confusion causes irreparable harm to Plaintiffs and diminishes the quality of the KAWA marks.

40.     Defendants have been unjustly enriched by illegally misappropriating Plaintiffs' intellectual property for financial gain. Defendants have unfairly benefited from Kawa Club and Nikko's reputation and the significant promotion of Kawa Club's branded apparel.

41.     Plaintiffs have no control over the nature and quality of the products sold by Defendants, which are counterfeits or colorable imitations of Plaintiffs' authentic and original products.

42.     Upon information and belief, Defendants have willfully and maliciously engaged in counterfeiting and infringing activities. As a result, this case constitutes an exceptional case under 15 U.S.C. § 1117(a) and/or a case of intentional counterfeiting under 15 U.S.C. § 1117(b).

43.     As a direct and proximate cause of the Defendants wrongful manufacture, marketing, promotion, distribution, offering for sale, and sale of goods bearing infringements and/or counterfeits of the KAWA marks, Plaintiffs have suffered irreparable harm and damages in an amount according to proof at trial.

44.     As a direct and proximate cause of the Defendants conduct, Plaintiffs have lost exclusive control over their valuable business and professional reputation and goodwill. Plaintiffs have no adequate remedy at law.

## FIRST CAUSE OF ACTION

### (Trademark Infringement and Counterfeiting (15 U.S.C. § 1114 *et seq.*)

45.     Plaintiffs re-allege and incorporate paragraphs 1 through 44 as though fully set forth herein.

46.     The wordmark "Kawa" is a registered trademark owned by Kawa Club LLC as evidenced by the U.S. Patent and Trademark Office ("USPTO") Registration No. 8176341.

47.     Kawa Club owns valid and protectable rights in the KAWA mark.

48.     Plaintiffs' KAWA mark is inherently distinctive and/or have acquired secondary meaning among the trade, with consumers, and with the relevant purchasing public. Through Plaintiffs' use, consumers and the relevant purchasing public have come to use the KAWA mark to associate, identify, and distinguish Plaintiffs as the source of origin of Plaintiffs' goods and services. An example of Kawa Club's product for sale can be seen below:



- 9 -

COMPLAINT

49.    Without Plaintiffs' license, consent, or authorization, Defendants CARLO DAVALOS and/or through DAVALOS ENTERPRISES have used, and continues to use, the KAWA mark and Kawa Club's name, image, and likeness, on or in connection with marketing, distributing, advertising, promoting, offering for sale, and selling its knockoff or counterfeit products. An example of Sentral Official's product for sale can be seen below:



50.    Defendants, and each of them, used in commerce counterfeits, copies, and/or colorable imitations of Kawa Club's registered mark in connection with the sale, offering for sale, distribution, or advertising of its products. Defendants use of the registered mark is causing or is likely to cause confusion, or to cause mistake, or to deceive consumers and the public into believing that Defendants' products are the products of Kawa Club.

51.    Defendants, and each of them, also reproduced, counterfeited, copied, and/or colorably imitated Kawa Club's registered mark and applied such reproductions, counterfeits, copies, and/or colorable imitations to their products, and intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and advertising of their products.

52.    Defendants, and each of them, used the registered KAWA mark without the permission of Kawa Club LLC and/or NIKOLAS AGHANIA.

- 10 -
**COMPLAINT**

53.    Defendants acts as alleged are causing, and unless enjoined, will continue to cause a likelihood of confusion and deception of members of the trade and public, and injury to Kawa Club's goodwill and reputation, for which Kawa Club does not have any adequate remedy at law.

54.    Defendants acts demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Kawa Club's marks to Kawa Club's great and irreparable harm.

55.    As a result of Defendants' intentional and willful, or reckless trademark infringement, Plaintiffs have suffered and are entitled to damages in an amount to be proven at trial, including, but not limited to, actual monetary damages or statutory damages, preliminary and permanent injunctive relief, costs and attorneys' fees.

56.    Plaintiffs seek injunctive relief, compensatory damages, disgorgement of profits, punitive damages, destruction of the infringing articles, and recovery of its costs and attorneys' fees against Defendants, and each of them, for their various and continuing acts of infringement and counterfeiting.

## SECOND CAUSE OF ACTION

**(False Affiliation/Endorsement, False Advertising, and Unfair Competition (15 U.S.C. § 1125(a))**

57.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 56 as though fully set forth herein.

58.    Plaintiff Kawa Club LLC has the exclusive rights to use the KAWA marks which are famous and distinctive within the meaning of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

59.    The KAWA marks have been in use since 2023 and play a prominent role in the Kawa Club's marketing, advertising, and popularity of their products, services, and commercial activities across several different media outlets. Kawa Club and Nikko have gained widespread publicity and public recognition throughout the United States, including in California.

- 11 -
**COMPLAINT**

60.     The KAWA marks and Nikko's likeness were well known before Defendants began using unauthorized reproductions, counterfeits, copies, and colorable imitations on their unauthorized products.

61.     Defendants used in commerce words, names, symbols, devices, images, photographs, videos, website content, product listings, advertising content, and/or false or misleading descriptions or representations of fact.

62.     Defendants' conduct falsely suggested that Defendants' products were genuine Kawa Club products or were affiliated with, sponsored by, approved by, or endorsed by Kawa Club.

63.     Defendants' infringed on Kawa Club's rights by using the KAWA marks and Nikko's likeness, on and in connection with the sale of Defendants' unauthorized products in interstate commerce. Defendants did so without the permission of Plaintiffs.

64.     Defendants' acts as alleged constitute trademark infringement, false designation of origin, false or misleading representation, and false or misleading description which (A) is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, right to use, or association of Defendants with Kawa Club or Nikko and as to the origin, sponsorship, or approval of Defendants' products by Kawa Club or Nikko; and (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities or origin of Defendants' products, and/or Kawa Club or Nikko's authorized products, services, or commercial activities.

65.     Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a). As a result of Defendants' unlawful acts, Defendants have been unjustly enriched and Plaintiffs have been damaged.

66.     Defendants' unlawful activities have caused, and unless enjoined, will continue to cause, irreparable injury and other damage to Kawa Club in terms of their business, reputation, and goodwill in the Kawa marks, Nikko's likeness, and related rights to use those marks and likenesses.

**COMPLAINT**

67. Kawa Club is also damaged and will continue to be damaged by Defendants' false descriptions and representations through direct diversion of sales and/or through a lessening of goodwill associated with Kawa Club's products and Nikko's likeness. Kawa Club intends to foster and promote the goodwill associated with the brand and to have continuing and ongoing relationships with its community, creating distinctive, quality apparel. Defendants' alleged acts also negatively impact customers' perceived value of Kawa Club's products by increasing the appearance of apparel available on the market at a significantly discounted price. Kawa Club does not have any adequate remedy at law.

68. Plaintiffs seek injunctive relief, compensatory damages, disgorgement of profits, punitive damages, destruction of the infringing articles, and recovery of its costs and attorneys' fees against Defendants, and each of them, for their various and continuing acts of infringement and counterfeiting.

## THIRD CAUSE OF ACTION

### (Violation of California Unfair Competition Law (Cal. Bus. & Prof. Code §17200, et seq.)

69. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 68 as though fully set forth herein.

70. California Business and Professions Code § 17200, et seq., prohibits businesses from engaging in any unlawful, unfair, or fraudulent business acts or practices.

71. Defendants' misappropriation of the KAWA marks, and Nikko's name, voice, image, and/or likeness permit, and will permit, Defendants, and each of them, to use and benefit from the goodwill and reputation of Nikko and Kawa Club. By selling knockoffs and/or counterfeits advertised as Kawa Club apparel, and reproducing branding content bearing Nikko's face, voice, image, and/or likeness without authorization, Defendants are benefitting from the positive reputation, and value consumers have given Kawa Club and Nikko to which Defendants would not otherwise have, at Plaintiff's expense.

**COMPLAINT**

72. Defendants' conduct constitutes unlawful, unfair, and deceptive trade practices and unfair competition in violation of California Business & Professions Code § 17200 et seq.

73. By continuing to sell the misappropriated products, Kawa Club will suffer substantial injury, including possible loss of customers who will lose trust in the Kawa Club name, brand, and tenet to provide authentic products.

## FOURTH CAUSE OF ACTION

### (Deprivation of Rights of Publicity (Cal. Civ. Code § 3344)

74. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 73 as though fully set forth herein.

75. Defendants, and each of them, knowingly, and without authorization, used NIKOLAS AGHANIA's (professionally known as "Nikko") name, voice, image, and/or likeness in the advertisement, distribution, offering for sale, and sale of counterfeit products through online storefronts, social media platforms, and other channels of commerce.

76. Nikko has developed substantial goodwill and commercial value in his brand, identity, and reputation in association with Kawa Club through extensive marketing efforts, content creation, social media engagement, and the promotion and sale of its merchandise. As the founder and public face of Kawa Club, Nikko's name, voice, image, likeness, and persona are prominently featured in and closely associated with Kawa Club's marketing and branding efforts, such that consumers readily identify and associate him with the Kawa Club brand and its products.

77. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, knowingly and intentionally reproduced and used Nikko's Kawa Club branding materials, promotional content, photographs, videos, trademarks, and/or other proprietary marketing assets in paid and unpaid advertisements on social media platforms, including TikTok, for the purpose of misleading consumers into believing that Defendants' products were affiliated with, endorsed by, sponsored by Nikko, or

**COMPLAINT**

genuine products of Kawa Club.

78. As a direct and proximate result of Defendants' wrongful acts, Kawa Club has been damaged in an amount according to proof at trial for the use of Nikko's likeness in each unauthorized and infringing product. Kawa Club further seeks an award of punitive damages under Civil Code § 3344(a) for Defendants' knowing use of Nikko's name, voice, image, and/or likeness without Nikko's authorization.

79. As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have incurred, and will continue to incur, substantial attorneys' fees and costs. Plaintiffs are entitled to an award of its attorneys' fees and costs incurred in connection with this matter pursuant to California Civil Code section 3344(a).

80. By reason of Defendants' wrongful acts, in addition to the relief sought above, Plaintiffs are entitled to an accounting of all gross revenue and profits received, directly or indirectly, by Defendants, and each of them, as a result of the unauthorized use of Nikko's likeness and to an award of all such sums. By reasons of Defendants' wrongful acts as alleged above, Defendants, and each of them, are an involuntary trustee holding all such sums in its possession under a constructive trust for the benefit of Nikko with a duty to transfer the same to Nikko forthwith.

## FIFTH CAUSE OF ACTION

### (Restitution / Quasi-Contract)

81. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 80 as though fully set forth herein.

82. Plaintiffs conferred a measurable benefit upon Defendants. Defendants received and retained the commercial value of Plaintiffs' intellectual property, including the KAWA marks, Kawa Club's product photography, marketing content, and Nikko's name, image, and likeness, without authorization, license, compensation, or consent. Defendants exploited these assets to generate sales revenue, consumer traffic, and goodwill through their e-commerce storefronts at "sentralofficial.net" and/or "averlonlondon.com" and through paid and unpaid social media advertising.

83. By unlawfully using the Kawa Club marks and Nikko's likeness for its own commercial benefit, Defendants, and each of them, unjustly profited from the goodwill and reputation associated with Kawa Club and Nikko. Defendants' acts created a quasi-contractual obligation on Defendants, and each of them, to restore these ill-gotten gains to Kawa Club. Because Defendants' retention of its ill-gotten gains would be unjust and inequitable, Defendant must pay restitution to Plaintiffs.

84. Plaintiffs never consented to Defendants' use of Plaintiffs' intellectual property, marks, or Nikko's identity. Defendants obtained these benefits through unauthorized appropriation and without any contract, agreement, license, or other legal basis entitling them to such benefits. No just or equitable ground exists for Defendants to retain the financial benefit derived from Plaintiffs' property and Nikko's identity.

85. Defendants' retention of the revenues and profits derived from the unauthorized use of Plaintiffs' intellectual property and Nikko's identity would be unjust and inequitable. Defendants have been enriched at Plaintiffs' direct expense. Under the principles of quasi-contract and restitution, Defendants are obligated to disgorge all revenues, profits, and other benefits obtained through the unlawful conduct alleged herein, and to pay restitution to Plaintiffs in an amount according to proof at trial.

86. As a direct and proximate result of Defendants' conduct, Defendants, and each of them, hold all ill-gotten revenues and profits as involuntary trustees under a constructive trust for the benefit of Plaintiffs. Plaintiffs are entitled to an accounting and disgorgement of all such sums, together with prejudgment interest thereon at the legal rate.

87. By reason of Defendants' wrongful acts, in addition to the relief sought above, Plaintiffs are entitled to an accounting of all gross revenue and profits received, directly or indirectly, by Defendants, and each of them, as a result of the unauthorized use of Nikko's likeness and to an award of all such sums. By reasons of Defendants' wrongful acts as alleged above, Defendants, and each of them, are an involuntary

**COMPLAINT**

trustee holding all such sums in its possession under a constructive trust for the benefit of Plaintiffs with a duty to transfer the same to Plaintiffs forthwith.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief against Defendants as follows:

1. Defendants, and each of them, and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined from:

   a. Advertising, marketing, promoting, offering for sale, distributing, or selling the knockoff and/or counterfeit products;

   b. Using Kawa Trademarks or Nikolas Aghania's name, voice, image, likeness, or other publicity rights on or in connection with any of Defendants e-commerce goods or services;

   c. Using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants e-commerce good or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any Kawa Club marks, dresses, names, or logos, of Nikolas Aghania's name of likeness;

   d. Using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants e-commerce goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Kawa Club, or are sponsored or authorized by Kawa Club or Nikolas Aghania, or are in any way connected or related to Kawa Club or Nikolas Aghania;

   e. Passing off, palming off, or assisting in passing off or palming off Defendants' goods as those of Kawa Club, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

**COMPLAINT**

      f.   Advertising, promoting, offering for sale, or selling the products or other similar goods; and

      g.   Representing to any person or entity that Defendants have authority to use the Kawa Club and/or Nikolas Aghania's name, voice, image, likeness, or any other publicity right;

2.    Injunctive relief preventing Defendants' continued use of Nikolas Aghania's (professionally known as "Nikko") name, image, likeness, or any other publicity right;

3.    An award to Plaintiffs of damages from sold, marketed, advertised, and promoted products with Kawa Club and/or Nikolas Aghania's name or likeness;

4.    That Defendants be ordered to destroy all remaining knockoff and/or counterfeit apparel which carry Kawa Club marks and/or Nikolas Aghania's name, image, likeness, or publicity right;

5.    That Defendants report to Plaintiffs any and all profits derived from the selling or distribution of products;

6.    That Plaintiffs receive and recover from Defendants Plaintiffs' (a) actual damages under applicable state statutory and common law, (b) costs of court, (c) statutory damages based on Lanham Act, (d) enhanced damages or profits under the Lanham Act, (e) attorneys' fees pursuant to 15 U.S.C. § 1117, , California Civil Code § 3344, and any other applicable provision of law;

7.    That Plaintiffs be awarded punitive damages to prevent future willful and deliberate counterfeiting and/or dilution of the Plaintiffs Trademarks and Nikolas Aghania's likeness, as well as deprivation of Mr. Aghania's rights of publicity under California law;

8.    That Plaintiffs be awarded prejudgment and post-judgment interest on all monetary Awards; and

///

- 18 -

**COMPLAINT**

9.    That Plaintiffs be awarded such other and further relief as the Court may deem just and proper.

DATED: June 11, 2026                                      **WOLFENZON ROLLE**

                                                  By: _____
                                                       Bruno Wolfenzon, Esq.
                                                       Jillian Holland Browne, Esq.
                                                       Attorneys for Plaintiff,
                                                       KAWA CLUB LLC and
                                                       NIKOLAS AGHANIA

**COMPLAINT**

# EXHIBIT 1

**COMPLAINT**

Case 3:26-cv-03512-BJC-MSB   Document   Filed 06/11/26   PageID.21   Page 21 of 27

LIVE ~~unity~~ Local   Following   Shop   For You

# About this ad ✕

This ad may be based on:

- Your primary location **United States**

- System information such as device type and operating system

- Your activities on-TikTok and/or off-TikTok, depending on your ad personalisation settings

What else affects the ads you see?

- The ads you see may be influenced by additional user data or advertisers' ad targeting options not listed here. Learn more about **how TikTok ads work**.

About the advertiser:

- **Business name:** DAVALOS ENTERPRISES L.L.C.

- **Location:** United States

- Show fewer ads from **davalos enterprises l.l.c.**    Hide

⚙ Change your ad personalisation settings   ›

Was this information helpful?   👍   👎

# EXHIBIT 2

**COMPLAINT**



Kawa Club Legal <legal@kawa.club>

---

## CEASE AND DESIST FROM KAWA CLUB LLC

---

**Kawa Club Legal** <legal@kawa.club>          Wed, Apr 8, 2026 at 10:18 AM
To: sentralclothing.info@gmail.com
Cc: Niko Kawa <niko@kawa.club>, edesaintphalle@rlslawyers.com

# CEASE AND DESIST

## UNAUTHORIZED USE OF INTELLECTUAL PROPERTY

### SENTRAL OFFICIAL

### "Baggy Parachute pants"

### SENTRAL OFFICIAL

Email: [Sentralclothing.info@gmail.com](mailto:Sentralclothing.info@gmail.com)

This letter serves as a formal **Cease and Desist** from **Kawa Club LLC** ("KAWA") concerning your unauthorized and unlawful copying and attempted **commercial exploitation** of **KAWA's proprietary "Cicada Pants" product design and original photography.**

It has come to our attention that you, **SENTRAL OFFICIAL,** have begun producing and selling a product titled **"Baggy Parachute pants,"** an identical copy of **KAWA's "Cicada Pants." Using KAWA's copyrighted photos.** Your product reproduces key elements of Kawa Club's design, including but not limited to overall structure, paneling shape, configurations, color blocking, color application, and measurement profile. **The totality and combination of these elements constitute protectable trade dress under Section 43(a) of the Lanham Act.**

These actions constitute **willful intellectual property infringement and unfair competition** under **federal and state law**, reflecting an unauthorized replication of KAWA's proprietary design with the intent to cause consumer confusion.

**Your unauthorized use of Kawa Club's original photography** constitutes **copyright infringement** and misappropriation of proprietary marketing assets. These images are owned exclusively by Kawa Club LLC and may not be reproduced, displayed, or used for commercial purposes without prior written consent.

**Effective immediately upon receipt of this notice, you are required to:**

1. Cease all production, marketing, distribution, and sale of the infringing product
2. Remove all related content from your website, social media, and any third-party platforms

3. Provide written confirmation of full compliance

Continued sale or promotion after receipt of this notice will be treated as **willful infringement**, exposing you to enhanced damages, injunctive relief, and recovery of attorneys' fees.

**Please consider this your final warning.** This matter is being actively monitored by our legal counsel, **Eustache de Saint Phalle of Rains Lucia Stern St.Phalle & Silver PC.** A full record of your infringement is being compiled for litigation purposes.
**A failure to comply will result in immediate legal action without further notice**. KAWA CLUB LLC is prepared to pursue all available legal remedies, including injunctive relief, damages, attorney's fees, and a public statement of infringement.

**KAWA CLUB LLC**

NIKOLAS AGAHNIA

 NA SIG.jpg

# EXHIBIT 3

**COMPLAINT**

 *shopify*

**Date:** May 29, 2026

## DMCA Counter Notice | www.sentralofficial.net

### 1. Shopify Merchant Contact Information

First Name:

Carlo

Last Name:

Davalos

Phone:

6197962764

Email:

sentralclothing@outlook.com

Address:

3400 Cottage Way ste g2

City:

Sacramento

ZIP/Postal Code::

95825

Country:

US

State/Province:

CA

### 2. Material(s) Subject to the Counter Notice

Report ID:

cd0301f8-a3dd-4ab2-a469-7054a29d1060

- https://shop.app/products/7873995341889/baggy-parachute-pants?fromShop=true
- https://www.sentralofficial.net/products/baggy-parachute-pants?_pos=3&_sid=7c32460fe&_ss=r

## 3. Declarations

- I consent to the jurisdiction of the Federal District Court for the judicial district in which my address listed above is located or, if my address listed above is located outside of the United States, I consent to the jurisdiction of the Federal District Court for the District of Delaware.
- I will accept service of process from the party who submitted the DMCA Takedown Notice referred to above or its agent.
- I swear, under penalty of perjury, that I have a good faith belief that the affected content was removed as a result of a mistake or misidentification of the content to be removed.

## 4. Electronic Signature

Carlo Davalos